UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BORILL                                    CIVIL ACTION NO. 11-CV-1492

VERSUS                                    JUDGE DOHERTY

CENTENNIAL WIRELESS  INC.                 MAGISTRATE JUDGE HANNA

### Report and Recommendation
### (Rec. Doc. 5)

Before the undersigned, on referral from the district judge, is the Motion to
Remand filed by Erica Borill. [Rec. Doc. 5] The motion is opposed by the removing
defendants.  For the reasons set out below, it is recommended that the motion be
GRANTED.

### Factual and Procedural Background

The suit at issue involves claims by Erica P. Borill resulting from her alleged
injury on the premises known as Centennial Wireless, located at 2002 North
Parkerson Avenue in Crowley, Louisiana. On July 2, 2010, Borill alleges that she
tripped  and fell at the Centennial premises, where she had sought to purchase a cell
phone and cell phone coverage.  As she walked across the room to view a phone on
display, Borill alleges her shoe became entrapped between the carpet and rubber
connecting the carpet to the tile floor at the store entrance, causing her to fall on her

face, resulting in serious injuries and other damages. [Rec. Doc. 1-4]

Borill filed a Petition for Damages in the 15th Judicial Court for the Parish of Acadia on February 24, 2011, declaring herself to be a domiciliary of Acadia Parish, Louisiana.  She further alleged that the defendant Centennial Wireless, Inc. is a foreign corporation authorized to do and doing business in Louisiana, which company owned, operated, or leased the premises in Crowley where Borill was injured.  As a result of the alleged negligence and fault of the defendant, Borill claimed entitlement to recover damages for a severe facial fracture of the left cheekbone, a severe head injury resulting in permanent neurological damage, and a severe cervical injury resulting in one or more disc herniations.  Borill also claimed to have sustained actual damages for lost wages and earning capacity, past/future medical expenses, disability and other losses. [Rec. Doc. 1-4, para. 6-7] On March 18, 2011, Borill filed a First Amended and Supplemental Petition to add Centennial Morehouse Cellular, LLC as a defendant, asserting that the new party is a foreign corporation authorized to do and doing business in Louisiana. [Rec. Doc. 1-4, p. 7] On June 7, 2011, an Answer and Jury Demand were filed on behalf of both defendants by attorney Steven R. Cupp. [Rec. Doc. 1-4, p. 8] On August 5, 2011, a Motion to Withdraw and Substitute Counsel of Record was filed in which the answering defense attorney withdrew and new counsel enrolled for the defendants. [Rec. Doc. 1-4, p. 14]

On August 17, 2011, Defendants Centennial Wireless, Inc. And Centennial Morehouse Cellular, LLC filed its Notice of Removal in the Western District. [Rec. Doc. 1] The basis/grounds for removal were asserted to be the original jurisdiction established under 28 USC §1332, diversity of citizenship and sufficient amount in controversy. Specifically, to establish that the amount in controversy in the action exceeds the jurisdictional amount established by law for federal court jurisdiction, the defendants cite to an August 4, 2011 Stipulation and Waiver request[1] regarding the amount in controversy and Plaintiff's refusal to sign that document. [Rec. Doc. 1, p. 2]

*The Plaintiff's Position*

On August 31, 2011, Plaintiff filed the Motion to Remand. [Rec. Doc. 5] While the plaintiff does not challenge the diversity jurisdiction upon which the remover relies, the remand motion is based on the alleged untimeliness of the removal action, beyond the time period allowed by 28 USC §1446(b). In support of the motion, the plaintiff references additional chronological events[2] which are offered to confirm the

---

[1]Although the removal filing references the Stipulation and Waiver document as Ex. NR-5, that document is not found as an attachment to the removal filing. The document is attached to the Memorandum in Opposition to Plaintiff's Motion for Remand. [Rec. Doc. 9]

[2]The occurrence of these events is not disputed by the defendants, but no documentation of the referenced communications regarding extensions of time for answering appears in the record. In any event, the time window for removal is unaffected

untimeliness of the removal filing:

a. After the Petition and Amended Petition were filed on February 24 and March 18, 2011, Plaintiff's counsel received on April 1, 2011, correspondence from an attorney requesting a thirty day extension of time for answering the suit for both defendants.

b. On April 25, 2011, a second attorney from the same law firm again contacted plaintiff's counsel to request additional time, through May 9, 2011, to file responsive pleadings for the defendants.

c. On June 3, 2011, an Answer and Jury Demand was filed for both defendants by an attorney from a second law firm.

d. On August 2, 2011, a third law firm was substituted as counsel of record for the defendants.

e. On August 2, 2011, [sic] the Notice of Removal was filed by the substituted law firm, asserting compliance with provisions of 28 USC §1446(d).

Based on this chronology, the plaintiff asserts that this matter should now be remanded to state court since the removing defendants failed to file the removal petition within the thirty days allowed by 28 USC §1446(b).  The plaintiff makes no serious objection to the 'removability' of the claims at issue; she objects only to the timeliness of the defendants' action to do so.

*The defendants' position:*

        In response to the Motion to Remand, the defendants assert that "at no point

_____

by such extensions, since the 30 day period cannot be extended by stipulation of parties or by order of the court.  *Albonetti, v. GAF Corp.-Chemical Group*, 520 F.Supp. 825(S.D.Tex. 1981).

in plaintiff's Petition for Damages was any allegation made–whether explicitly or obliquely–to the monetary value of the damages sought by plaintiff via the suit." The same assertion is made regarding the First Amended and Supplemental Petition. [Rec. Doc. 9, pp. 1-2] Defendants explain that this alleged lack of specificity in the original and amended pleadings caused the defendants to ask that Plaintiff stipulate that the amount in controversy in the case does not exceed the $75,000 jurisdictional threshold per 28 USC §1332.  Plaintiff refused as of August 5, 2011.[3]  On that basis, the defendants acted to remove the case to federal court.  Thus, assert the defendants, the removal action was timely since the amount in controversy is not apparent in the pleadings and only became so when Plaintiff refused the offered stipulation.

Relying on the court's pronouncements in *Seaux v. Wal Mart Stores, Inc.*, 2006 WL 246084(W.D.La. 2006), the defendants take the position that the original and amended petitions did not reveal on their faces that the instant matter was removable so as to trigger the thirty day period for removal set out in the first paragraph of §1446(b).  The plaintiff disagrees.

_____

[3]Again, although the parties do not seem to dispute these occurrences, the referenced documents were not made a part of the original removal filing.  They are included as exhibits to the defendants' Memorandum in Opposition to Plaintiff's Motion for Remand, at Rec. Doc. 9, Exs. OMR-3 and OMR-4.

*Law and Analysis*

The central question before the court is whether the initial pleading in this case affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount   mandated by 28 USC §1332.[4]  If it does, then removal was untimely and remand is warranted.  If it does not, then removal is likely proper.

The timing of removal is provided for in 28 USC §1446(b) as follows:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by §1332 of this Title more than 1 year after commencement of the action.

The thirty day period referenced in the first paragraph of §1446 applies only when the initial pleading affirmatively reveals on its face that the plaintiff is seeking

---

[4]The amending petition only adds a new defendant.  All other allegations from the original petition are adopted by reference. [Rec. Doc. 1-4]

damages in excess of the minimum jurisdictional amount mandated by 28 USC §1332. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163(5th Cir. 1992). If it does not, then the exception in the second paragraph of §1446 will apply. In such event, the information supporting removal in the amended pleading, motion, order or 'other paper' must be "unequivocally clear and certain" to begin tolling the thirty (30) day time limit. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211(5th Cir. 2002).

*The Face of the Initial Pleading***:**

As required by La.C.Civ.P. Art. 893(A)(1), the initial Petition for Damages [Rec. Doc. 1-4] does not include a specific monetary demand. That statute also requires:

> No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.** (Emphasis added)

As the language of the statute is couched in the "lack of jurisdiction of federal courts due to insufficiency of damages," the plaintiff's attorney is statutorily obligated to set forth in the initial petition by a general allegation that the claim is less than that requisite amount. The plaintiff made no such designation. Conversely, the

plaintiff did not pray for a trial by jury or otherwise set forth in a general allegation that the amount of the claim exceeded the requisite amount for a trial by jury.[5] However, the pleading does provide the following information:

a. Plaintiff fell on her face on the floor of Defendants' premises; [para. 4]

b. As a result of the accident, Erica Borill sustained severe personal injuries, including, but not limited to, a severe facial fracture of the left cheekbone, a severe head injury resulting in permanent neurological damage, and a severe cervical injury resulting in one or more disc herniations; [para. 6]

c. Plaintiff seeks recovery for past, present and future lost wages and lost earning capacity; past, present and future medical expenses; past, present and future loss of fringe benefits; past, present and future pain and suffering, mental anguish, and loss of enjoyment of life; disability, loss of physical function and other damages to be shown at trial. [para. 7]

---

[5] It is worth noting that in the Answer to that petition, filed on June 7, 2011, Defendants "pray for and are entitled to a jury on all issues." [Rec. Doc. 1-4, p. 12, para. 10] By that declaration, it is presumed that Defendants were satisfied to assert at that point in time that the plaintiff's claims exceeded the $50,000 mark, since that is Louisiana's threshold for entitlement to a jury trial per La. C.Civ.P. art. 1732. The removal notice was filed more than 60 days from that date.

d. Plaintiff seeks recovery of all costs, penalties, attorney fees and legal

interest. [prayer]    [Rec. Doc. 1-4]

The removing defendants assert that these allegations are lacking in detail sufficient to make removability apparent from the pleading alone.

In determining whether allegations are "facially apparent" to satisfy the jurisdictional and removal requisites, the Fifth Circuit makes a case-by-case determination. Even when a plaintiff has not pled a specific amount of damages, "a court can determine that removal was proper if it is facially apparent that the claims are likely above" the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335(5th Cir. 1995). The frequently-cited cases of *Marcel v. Pool Company*, 5. F.3d 81(5th Cir. 1993, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295(5th Cir. 1999), *Simon  v. Wal-Mart Stores, Inc.*, 193 F.3d 848(5th Cir. 1999), and *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880(5th Cir. 2000) have held that a Louisiana state court petition can facially state an amount in controversy over the jurisdictional limit by the allegations of injuries and types of damages sought.   In those  cases, the court focused on the degree of injury described in the pleadings and the types of damages claimed.

In *Simon*,  the court  referenced the less severe physical injuries of the plaintiff- an injured shoulder, bruises and abrasions, plus loss of consortium, and noted the

absence in the complaint of "any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disabilty, which damages, if alleged would have supported a substantially larger monetary basis for federal jurisdiction." *Simon v. Wal-Mart* at 851.

In *Gebbia*, the court focused on allegations that the plaintiff "sustained injuries to her right wrist, left knee and patella, and upper and lower back" and sought "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." *Gebbia v. Wal-Mart* at 883. The Circuit reasoned that "[s]uch allegations support a substantially larger monetary basis to confer removal jurisdiction than the allegations reviewed in *Simon*." *Id.*

Based on the reasoning of the Fifth Circuit in the referenced cases  and a careful review of the pleadings in the instant case, the undersigned is persuaded that the plaintiff's allegations on the face of the initial pleading, as set out above, render the petition "apparently removable" on its face based on the injuries described and damages claimed.

Because the undersigned finds that the basis for federal jurisdiction, and therefore, removal is facially apparent  from the initial pleading, then the first

paragraph of §1446(b) is applicable, and the removal in the instant case is untimely since it was not accomplished within 30 days after service of summons upon the defendant.  On that conclusion, the undersigned need not consider the "other paper" offered by the defendants in support of the tardy removal action, since the second paragraph of §1446(b) is not applicable.  *Chapman v. Powermatic, Inc*. 969 F. 2d 160, 163(5th Cir. 1992).

### *Recommendation*

For the reasons set out above, the undersigned recommends that the Motion to Remand [Rec. Doc.  5] be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or

the legal conclusions accepted by the district court, except upon grounds of plan error.

See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 26th  day of October, 2011, at Lafayette, Louisiana.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)