RECEIVED

MAY 17 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ERICA P. BORILL | CIVIL ACTION NO. 6:11CV1492 |
| VERSUS | JUDGE DOHERTY |
| CENTENNIAL WIRELESS, INC. | MAGISTRATE JUDGE HANNA |

## RULING

This matter was referred to United States Magistrate Judge Patrick J. Hanna for report and recommendation. After an independent review of the record, and consideration of objections filed, this Court adopts the statements contained in the section of the Report and Recommendation entitled "Factual and Procedural Background"[Doc. 18, pp. 1-5], but declines to adopt the findings and conclusions contained in the section entitled "Law and Analysis" [Id. at pp. 6-12], for the reasons that follow:

The question at issue in this matter is whether or not removal of this action by defendant to this Court was timely. As set forth in the Report and Recommendation, the timing of removal is provided for in 28 U.S.C.A. § 1446(b)[1] as follows:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding

---

[1] The Court recognizes 28 U.S.C.A. § 1446 was amended subsequent to the filing of the Report and Recommendation. However, as set forth in the Historical and Statutory Notes, the "amendments . . . shall take effect . . . beginning on Dec. 7, 2011, and shall apply to any action or prosecution commenced on or after such effective date. . . ." As this action was commenced prior to Dec. 7, 2011, the prior version of § 1446 (*i.e.* that which is referenced in the Report and Recommendation) remains applicable to this matter.

1

is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by §1332 of this Title more than 1 year after commencement of the action.

28 U.S.C.A. § 1446(b).

"The first paragraph [of § 1446(b)] governs notices of removal based on an 'initial pleading *setting forth* the claim for relief upon which such action or proceeding is based.'" *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 209 (5th Cir. 2002)(emphasis in original)(quoting 28 U.S.C.A. § 1446(b)). The thirty day period referenced in the first paragraph of §1446 applies only when the initial pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *Bosky* at 210. "By contrast, the second paragraph governs notices of removal based on 'a copy of an amended pleading, motion, order or other paper from which it *may first be ascertained* that the case is one which is or has become removable.'" *Bosky* at 209 (emphasis in original) (quoting 28 U.S.C.A. § 1446(b)).[2] "[T]he information supporting removal in a copy of an amended

---

[2]As discussed in *Bosky*:

> "Setting forth," the key language of the first paragraph, encompasses a broader range of information that can trigger a time limit based on notice than would "ascertained," the pivotal term in the second paragraph. To "set forth" means to "publish" or "to give an account or statement of." "Ascertain" means "to make certain, exact, or precise" or "to find out or learn with certainty." The latter, in contrast to the former, seems to require a greater level of certainty or that the facts supporting

2

pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky* at 211.[3]

The *Chapman* court "adopt[ed] this rule because [it] conclude[d] that it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id.* at 163. Of more importance, the court in *Chapman* specifically declined to adopt a rule which would find removal to be untimely where "defendant should have ascertained from the circumstance and the initial pleading that the [plaintiff] was seeking damages in excess of the minimum jurisdictional amount," as the court determined such a rule "would needlessly inject uncertainty into a court's inquiry as to whether a defendant has timely removed a case, and as a result would require courts to expend needlessly their resources trying to determine what the defendant knew at the time it received the initial pleading and what the defendant would have known had it exercised due diligence." *Id.* at 163. The Court continued:

> Moreover, . . . [such a rule] would encourage defendants to remove prematurely cases in which the initial pleading does not affirmatively reveal that the amount in controversy is in excess of $50,000[4] so as to be sure that they do not accidentally waive their right to have the case tried in a federal court. We believe the better policy is to focus the parties' and the court's attention on what the initial pleading sets forth, by adopting a bright line rule requiring the plaintiff, if he wishes the thirty-day time removability be stated unequivocally.

*Id.* at 211(footnotes omitted).

---

[3]Subsequent to the ruling in *Chapman*, the Fifth Circuit has held "*specific damage estimates* that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal." *Bosky* at 210 (emphasis added) (citing *Marcel v. Pool Co.*, 5 F.3d 81, 82-85 (5th Cir.1993); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408-12 (5th Cir.1995)). In this matter, no "specific damage estimates" were set forth in plaintiff's initial pleading.

[4]Post *Chapman*, the threshold monetary amount required for diversity jurisdiction increased from $50,000 to $75,000.

3

period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount.

*Id.*

In this matter, the initial Petition for Damages does not include a specific monetary demand, and thus, it does not "affirmatively reveal[] on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman* at 163. After noting the initial petition in this matter includes no monetary demand, the Report and Recommendation then quotes from *Allen v. R & H Oil & Gas Co.* for the following position: "Even when a plaintiff has not pled a specific amount of damages, 'a court can determine that removal was proper if it is facially apparent that the claims are likely above' the jurisdictional amount." [Doc. 18, p.9 (quoting *Allen*, 63 F.3d 1326, 1335 (5th Cir. 1995); and citing *Marcel v. Pool Company*, 5 F.3d 81 (5th Cir. 1993); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000)] However, in each of the cases cited in support of the foregoing statement of law, timeliness of removal was not at issue.[5] *See Allen* (addressing solely whether the amount in controversy for removal purposes had

---

[5]In fact, in *Bosky*, the Court noted:

> Nor do we believe the standard we adopt today conflicts with our cases [*i.e. Gebbia; Luckett; Allen; Free v. Abbott Labs.*, 51 F.3d 524 (5th Cir. 1995); *De Aguilar; Marcel*] holding that a defendant can still show a case to be removable on the basis of a state court complaint which does not explicitly state a demand for damages exceeding the threshold amount in controversy. Those holdings are not relevant here because the timeliness requirement of the second paragraph of section 1446(b) does not play unless "the case stated by the initial pleading is not removable."

*Bosky*, 288 F.3d at 212; *see also id.* at 209-10 (affirming district court's determination that removal was timely, and noting plaintiff's "original petition failed to set forth a removable claim, stating only a claim for unliquidated damages of an unspecified amount in excess of $50,000. . . .")

been met where no specific amount of damages had been pled); *Marcel* at 82 (addressing solely whether the amount in controversy for removal purposes had been met where no specific amount of damages had been pled, and case was removed "less than a month after the state court petition was filed); *Luckett* at 298 (case removed less than 30 days from initial pleading; "[t]he sole jurisdictional issue is whether the district court erred in deciding that the amount in controversy exceeded $75,000"); *Simon* at 850 (sole issue on appeal was whether the amount in controversy for removal purposes had been met where no specific amount of damages had been pled; because defendant had "neither filed an affidavit with its Notice of Removal nor set forth any facts in controversy in that Notice . . . . removal was proper only if the jurisdictional amount was 'facially apparent' from the complaint"); *Gebbia* at 882 (case removed within 30 days of initial pleading which set forth no specific amount of damages; "the only issue on this appeal is whether the district court erred in deciding that the amount in controversy exceeded the sum or value of $75,000").[6]

As noted by the *Chapman* court:

> Should a defendant choose to remove a case within thirty days from its receipt of an initial pleading that does not reveal on its face that the plaintiff is seeking damages in excess of the jurisdictional minimum, the federal court may either: (1) look to the petition for removal, (2) make an independent appraisal of the amount of the claim, or suggest that the defendant is free to do so, or (3) remand the action.

---

[6]Plaintiff cites to *Cupit v. Wal-Mart*, 2011 WL 1258350 (M.D.La.)(Dalby, Mag.), arguing the Magistrate Judge in that opinion "was convinced that hyper-focusing on one line in *Chapman* [*i.e.* "affirmatively reveals on its face"] was wrong, but rather, the courts have applied what is known as a 'facially apparent' standard." [Doc. 12, p.3] Stated otherwise, plaintiff argues that in light of *Cupit*, when a case is removed more than thirty days from service of the initial pleading, courts should first determine whether it is facially apparent from the initial pleading that the claims are likely above the jurisdictional amount, even when the initial pleading does not affirmatively reveal on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court; if the court determines it is facially apparent that the amount in controversy exceeds $75,000, removal should be deemed untimely. However, in none of the cases relied upon by the court in *Cupit* was timeliness of removal at issue; rather, all cases relied upon addressed the first paragraph of § 1446(b).

*Id.* at 163, n.6 (citations omitted). Three years later in the *Allen* case, relied upon by the Magistrate Judge, the Fifth Circuit addressed a matter in which timeliness of removal was not at issue. Rather, the sole issue before the *Allen* court was whether the amount in controversy was sufficient for federal jurisdiction, as no specific amount of damages had been pled in the initial pleading. The Court first noted that when the "complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the minimum jurisdictional amount of the federal court. *Allen* at 1135. The Court then noted that it had "never listed explicitly what types of proof are acceptable under this standard." *Id.* The Court continued by listing the acceptable types of proof:

> First, a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000. If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.

*Id.* (citations omitted, emphasis in original). In sum, in *Allen*, the Fifth Circuit identified acceptable "types of proof" a defendant may offer to satisfy the amount in controversy requirement, in a case removed *within* thirty days of an initial pleading, where no specific amount of damages has been pled. However, nothing in the *Allen* decision changes the jurisprudential rule set forth in *Chapman* that "the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman* at 163 (emphasis added). Rather, the *Allen* court addresses how a court should evaluate the amount in controversy when a defendant removes a matter in which the initial pleading does not state a case that is removable pursuant to the first paragraph of § 1446(b), but the defendant

nevertheless chooses to remove the matter within thirty days of that initial pleading.

However, as noted, in this matter, defendant did not choose to remove the matter within thirty days of the initial pleading, as the initial pleading did not state a case that was removable pursuant to the first paragraph of § 1446(b); rather, defendant relied upon the exception contained in the second paragraph of § 1446(b), which allows a defendant to file a notice of removal "within thirty days after receipt by defendant . . . of a copy of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." 28 U.S.C.A. § 1446(b). Because the initial pleading did not affirmatively reveal on its face that plaintiff seeks damages in excess of the minimum jurisdictional amount, and because the notice of removal was filed within thirty days after receipt by defendant of an "other paper from which it may first be ascertained that the case is one which is or has become removable," the Court finds the notice of removal was filed timely, pursuant to 28 U.S.C.A. § 1446(b).

That said, the Court must still determine whether or not the amount in controversy meets the minimum jurisdictional amount of the federal court.[7] Although plaintiff has not objected to removal on this basis, "a party may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). To determine whether jurisdiction exists, courts must consider the claim or claims as they existed at the time of removal. *Id.* "Any ambiguities are construed against removal because the removal statute should be strictly construed

---

[7]No party asserts diversity of citizenship is lacking. As such, the Court construes that silence to mean there is no dispute regarding diversity of citizenship, and thus, addresses only the amount in controversy.

7

in favor of remand." *Id.*

The analytical framework for evaluating jurisdiction of cases where no monetary amount of damages is asserted (*e.g.* cases filed in Louisiana state courts), which are removed to federal court on the basis of diversity, is as follows:

> In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."

*Simon* at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). Here, defendant did not file an affidavit with its Notice of Removal, and the only facts set forth in the Notice of Removal supporting a finding of the requisite amount is that plaintiff's counsel orally declined to enter into a Stipulation asserting plaintiff would not seek damages in excess of $75,000.00, and orally declined to execute a Waiver of "any and all claims which exceed $75.000.00." [Doc. Nos. 1, ¶ 6; 9-4] *See e.g. Broadway v. Wal-mart Stores, Inc.*, 2000 WL 1560167, *2 (E.D.La.)(citing *Reid v. Delta Gas, Inc.*, 837 F.Supp. 751, 752-53 (M.D.La. 1993) (failure to stipulate that the amount in controversy is below $75,000 constitutes evidence that the amount in controversy is in excess of the requisite amount).

The complaint in this matter asserts the following:

1. Plaintiff fell on her face on the floor of defendant's premises [Doc. 1-1, ¶ 4];

2. As a result of the accident, plaintiff "sustained severe personal injuries, including, but not limited to, a severe facial fracture of the left cheekbone, a severe head injury resulting in permanent neurological damage, and a severe cervical injury resulting in

one or more disc herniations." [Id. at 6]

3. Plaintiff seeks recovery for: past, present and future lost wages and loss of earning capacity; past, present and future medical expenses; past, present and future loss of fringe benefits; past, present and future pain and suffering; past, present and future loss of enjoyment of life; past, present and future mental anguish; disability; loss of physical function; "[a]ll other damages which will be shown at the trial of this matter or revealed during the course of these proceedings." [Id. at 7]

4. Plaintiff additionally seeks recovery of all costs, penalties, attorney fees and legal interest. [Id. (prayer)]

Considering the allegations contained in the petition, a review of awards for similar injuries[8], plaintiff's refusal to stipulate the amount in controversy did not exceed $75,000, plaintiff's failure to include an allegation in the state court petition, pursuant to La. Code Civ. P. 893, that her damages are less than the amount required for federal diversity jurisdiction[9], and plaintiff's failure to argue,

---

[8] *See e.g. Guidry v. Allstate Ins. Co.*, 83 So.3d 91 (La. App. 3rd Cir. 2011); *Brock v. Singleton*, 65 So.3d 649 (La. App. 5th Cir. 2011); *Reider v. State ex rel. Louisiana Bd. of Trustees for State Colleges and Universities*, 897 So.2d 893 (La. App. 3rd Cir. 2005).

[9] La. Code of Civ. Proc. art. 893(A)(1) provides in pertinent part:

> No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises *except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required.*

*Id.* (emphasis added); *see also Richardson v. State Farm Fire and Cas.*, 2008 WL 5189963, *4 (M.D.La.)("While the failure to include an Art. 893(A)(1) allegation in the state court petition is not, in and of itself, determinative of the amount in controversy, such failure is entitled to 'some consideration' in determining whether the jurisdictional minimum is satisfied")(citing *Weber v. Stevenson*, 2007 WL 4441261 (M.D.La.); *Bruce v. Fisher*, 2006 WL 2505908 (W.D.La.)).

in connection with the motion to remand, that the amount in controversy in this matter is less than the minimum federal jurisdictional threshold [*See* Doc. Nos. 5; 12, p. 3; 22], the Court finds defendant has borne its burden of establishing that the jurisdictional amount is present.

In light of the foregoing, plaintiff's motion to remand [Doc. 5] is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___17___ day of May, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE